Dave Kearney on behalf of the Appellant SSM Health Care Corporation, I would like to reserve four minutes for rebuttal. During the fullest period allowed by law, all Missouri citizens who are or were patients of SSM Health Care Corporation or any of its affiliates and who exchange communications at defendants websites including www.ssmhealth.com and any other SSM Health Care Corporation affiliated website that cause disclosures of patient personally identifiable information and communications to third parties including but not limited to Facebook. I have said that definition over and over to myself probably about a thousand times. I still don't know what it means. Maybe plaintiffs are correct that it should be interpreted to mean only current Missouri citizens but it doesn't say that and in the paragraph immediately following the definition 151 which speaks to who explicitly is excluded from the class, former Missouri citizens are not on the list. Moreover, as Judge Heon said long ago, words are not pebbles in alien juxtaposition. They take meaning from the context in which they are raised. Everything about this class definition is broad. Fullest period allowed by law, all Missouri citizens who are or were SSM patients, any of its affiliates who exchange communications at any SSM and any other SSM website that cause disclosures to any third party including but not limited to Facebook. Everything about the class definition is broad and yet plaintiffs would have this court restrict one little part of it but read everything else broad and limit all Missouri citizens to only current Missouri citizens again when it doesn't say that and that's generally not how our rules of interpretation work. If the context is broad we give broad meanings to words. So then what's left is our interpretation which is that during the fullest period allowed by law should be read to modify the phrase that is right next to it, all Missouri citizens. And that is also that backward looking interpretation of the language is also consistent with the next phrase which is past tense looking, who are or were SSM healthcare patients. So then the question that we think the language asks is simple, were you a Missouri citizen during the fullest period allowed by law? And if so, then you might be part of the class. Then it goes into were you also a patient? Did you visit the website? So on and so forth. Was your personally identifiable information allegedly disclosed? So from our perspective that is at least as plausible an interpretation of this ambiguous class definition as what plaintiffs are offering to the court. Now, the other thing, there's a few other things I want to address. So if that's the case, if we have two plausible interpretations, what's the rule that we would apply? The rule is this is a CAFA case, Your Honor, and CAFA was intended to broaden federal court jurisdiction. And so plaintiffs have argued in their brief that there's a presumption against removal. That's not the case with CAFA. The Supreme Court has made that clear in Dart, Cherokee. This court has made that clear in Leffler and Brunt. And so the rule when it comes to CAFA is that the tie goes to the defendant, not the other way around. And the rule when it comes, which is also consistent with the general principle of interpretation, that ambiguity is construed against the drafter, not the other way around. And so applying those two rules here, that means we're in federal court, Judge. The other thing that plaintiffs have said in their brief, pointed to, is 1332 DC. 7, which says citizenship is determined at the time of the removal. And all that's speaking to, though, is it's not defining who or limiting who or who is not part of the class. What that provision is doing is saying, for purposes of measuring the exceptions, the two-thirds requirements, that's when you determine whether or not those exceptions are raised. We had another case, or on the flip side, diversity of the defendants. We had another case where it was removed and then a defendant was dropped from the complaint to destroy diversity. And the court said, no, jurisdiction and diversity is determined at the time of the removal. So that is not in any way limiting or defining the scope of who is or who is not in the class. It's just saying, here's when we're going to measure diversity for purposes of determining the exceptions. Counsel, aren't there other, whatever the proper construction of this initial statement that you're talking about. And whatever meaning we think this during clause might have, which seems to me to have something to do with statute of limitations. Aren't there other hints in this complaint that you're only talking about current citizens? There is no other part of the complaint that specifically talks, that talks about current citizens. Well, it says, for instance, the first sentence of the complaint says that Dora is bringing suit individually on behalf of all other citizens of the state of Missouri similarly situated. Doesn't that imply people who are citizens? I think we, well, let me answer it this way, Judge. I think we all agree that plaintiffs are representing, intending to represent only Missouri citizens. We agree on that. The question is whether or not it's all Missouri citizens, current or former, or just current Missouri citizens. And I don't read that statement, yeah, I don't read that statement as completely clarifying any ambiguity or setting forth any definitive statement that this is just current. And I think the best evidence of what the class is trying to represent here is the class definition itself. The other thing I'll point out, Judge, real quick, is in that same paragraph, two of those hospitals are actually located in Illinois. St. Mary's Hospital, Centralia, and Good Samaritan Hospital, Mount Vernon, are both located in Illinois about 60, 70 miles across the border. So to the extent we're reading into that preamble some definitive limitation on the class period, or on who is or who is not in the class, it's odd that there would be Illinois hospitals contained within that same language. And actually now there's a case that it's been filed against SSM in Illinois over the same alleged privacy violations on SSMhealth.com. You know, this thing is problematic just if you look at it. It's a run-on sentence that's complex. There are a lot of different thoughts being crammed into this one single sentence, right? But there are some general principles that are applied. And, you know, prefiguratory clauses may be freestanding and may not actually modify anything. In this case, an argument can be made, and I think it's where the district court ended up, that that first clause, during the fullest period allowable by law, is prefiguratory in that it sets a temporal bound as to the claims which may be made, and it does nothing else. And so it does independent legal work as a freestanding clause, and it's not actually designed to specifically modify anything that comes after it, right? And if you think about it, that is the way that the Supreme Court has interpreted the second amendment. It's the way that we have dealt with the preamble in the Constitution. It's the way that we've dealt with a number of sentences in other litigation. And so part of the district court's reasoning seems to me to be consistent with what we've done in other areas. And so my question is, why is the district court wrong with that analysis? Well, and I think also what the district court had said is that it's prefiguratory as much as it also goes to defining communications. And we would say that the and, you're separate, that's a separate clause. The other thing where it's not prefiguratory here, Judge, that we would say is, again, going into the immediate paragraph above, the end of paragraph 145, the last line before the clause of allegations is defendant is stopped from relying on any statute of limitations defense. So I think the idea that this is bounding by the statute of limitations here, they're saying there is no statutory limitations. So the rule against surplusage, I think, would then say it's got to mean something. It's doing something there. And that's also an important rule of interpretation generally that we follow. I know I'm running into my rebuttal. I would like to just point the court to the Robinson case where the Supreme Court said, actually, in Title VII, we're going to read employees to mean former employees. And the court said, it's contrary in some respects to the plain text, but it doesn't say current employees. The language could have been more clear. And so we've got to go to the rules of interpretation because it's not clear. And from our perspective, the rule of interpretation that matters most once you get to that is this thing is ambiguous, and ambiguity should be contrived against the  Thank you, Judge. Thank you, judges. Thank you, counsel.  You may proceed when you're ready. Thank you, Your Honor. Good morning. Emily Adler for plaintiff appellee. May it please the court. SSM's argument that it may remove this case to federal court based on the Class Action Fairness Act fails because Doe defined his class to include only current Missouri citizens. SSM's theory is a strained reading of Doe's class definition and a fraught application of CAFA. And I'd like to begin by addressing some of the arguments that appellant's counsel made about the rules of interpretation. Our position here is that the canons of interpretation actually demonstrate that only Doe's interpretation here is reasonable. Now, appellant's counsel left off discussing the Robinson case. I'd like to briefly distinguish that. And the Supreme Court did find in that case that employees might include former employees. But the reason that it got there was because it looked at other sections of that statute that contemplated remedial mechanisms available under Title VII. So there were other things in the statute that made clear that it was backward looking and would only be available to former employees. That's not the case here with Doe's complaint. In fact, everything else in the complaint that talks about Missouri citizens makes clear that Doe is desiring to bring this class action and represent the class on behalf of current Missouri citizens, which brings me to the whole text canon. If we were to subscribe to appellant's interpretation of the class definition, we would be reading out all of those references in the complaint to Doe's desire to represent current Missouri citizens. Another problem, I think, with appellant's interpretation of that, I'm going to call it the durational clause at the beginning, during the fullest period allowed by law, is that the appellants offer no legal principle that would then be used to confine the class. Doe's interpretation is that during the fullest period allowed by law refers back to the issues with the statute of limitations. And it essentially allows all plaintiffs who are current Missouri citizens with unbarred claims. That gives a clear meaning to the phrase during the fullest period allowed by law. If, by contrast, we took appellant's understanding... That you can't bar claims, is that what you're saying? Yes, your honor. That is our interpretation of the clause. However, if we subscribe to appellant's understanding, it's unclear what the meaning of during the fullest period allowed by law would be. We would essentially be reading that phrase out of the class definition because they've offered no suggestion of what legal principle it would be referring to. You mentioned earlier other portions of the complaint that support your construction. Could you point those out other than the ones I... I think I gave one example. Yes, Judge Arnold. Like you mentioned, the first sentence says on behalf of all current Missouri citizens. Also in Apley's appendix, I believe at pages 102 and 103... I think it says all Missouri citizens, doesn't it? Yes, all Missouri citizens. I'm sorry. In Apley's appendix at 102 and 103, there are portions of the complaint that say that he's desiring to bring it. That he would be a representative of all Missouri citizens. Very similar to the first sentence. I'd also like to talk about the ordinary meaning canon, which we believe also supports Doe's interpretation of the class definition. Under the ordinary meaning canon, the common understanding of the phrase all Missouri citizens means all current Missouri citizens, not current and former. And we believe that is clear because of this court's decision in the Hargett case. In Hargett and in Hood, which is analogous to Hargett, this court cited with approval a case from the Seventh Circuit, In Re Sprint Nextel Corporation. In the In Re Sprint case, the Seventh Circuit held that the plaintiff could effectively limit its proposed class to only local citizens by using the phrase all Kansas citizens. This court has cited that with approval and said that that is a way to limit the class to local citizens. So to the extent that appellant is now arguing that we should look to Robinson or that we should find ambiguity within the phrase all Missouri citizens, we believe that Hargett forecloses that. And based on that reading of Hargett, if you were to use the durational clause at the beginning to mean anything other than limiting the class to plaintiffs with unbarred claims, the durational clause would become meaningless. Also from a practical perspective, this court has recently issued decisions in the Doe versus BJC and Doe versus Mosaic cases. I understand that those had to do with federal officer jurisdiction. However, the same definition, the same class definition was present in both of those cases and appellants there were also represented by the same counsel. This argument about CAFA never came up, which suggests to us that the most natural reading of this definition is the one that Doe now presents to the court. It sounds like part of what you may be saying is that this complaint was drafted with some care as to the choice of descriptors of the proposed class. Yes, Your Honor. It was drafted with care. And we would posit that if the appellant's interpretation was correct, it doesn't really make a whole lot of practical sense for Doe. Aside from frustrating the manifest purpose in the complaint of filing in state court of Missouri of bringing only state law claims, they are essentially saying that the class would include former Missouri citizens and current Missouri citizens. But anyone who's not a citizen of Missouri right now, but used to be, would not be in the class. And that doesn't make a whole lot of sense. If Doe wanted his class to be expansive, he simply could have said all patients. Otherwise, you have this sort of weird in-between class where you can include some people that are no longer citizens of Missouri, so you don't get any of the benefits of your original filing in state court. But you can't have a class member who was always a citizen of Illinois and never a citizen of Missouri. If Doe had intended to define the class consistent with their interpretation, it would make more sense simply to say patients. In addition, we believe that appellant's reading is actually reading out a limitation that Doe imposed. When Doe defined his class as all Missouri citizens, he meant all Missouri citizens. By saying current and former, we are failing to give the full meaning to the term Missouri citizens. I'd also just like to touch on briefly, appellant has claimed that this phrase is ambiguous. We disagree. We don't believe that this is susceptible to more than one reasonable interpretation. Clearly, there's another interpretation, and that's why we're here today. But we don't think that this is, that interpretation is reasonable. It doesn't comport with the ordinary meaning canon. It doesn't comport with the general meaning of the term. It doesn't comport with plain language. It doesn't comport with the whole text canon. We would disagree that there's any ambiguity. To the extent that the court believes that there is and that they need to reach the exceptions in CAFA, Doe also believes that he can satisfy those exceptions. Unless there's any other questions from the panel, I will cede the rest of my time. Thank you, counsel. All right, counsel, you have just about two minutes. Thank you, judge. I want to start with the notion that this could have been all patients. Please speak up, if you will. SSM operates in four states. All patients would have been four states, Oklahoma, Illinois, Missouri, and Wisconsin. All citizens, all Missouri citizens, that doesn't speak to whether or not all Missouri citizens should mean former and current. All Missouri citizens during the fullest period allowed by law. That's what we're saying. There's nowhere, Judge Arnold, in that complaint where it says current in terms of before Missouri citizens. And again, I would point to the court to paragraph 151, when you're talking about the exclusions, in terms of here is what we are excluding. This is who we are excluding from the class. It does not say former citizens. Everything about this class definition is broad. Everything about it. And yet now plaintiffs are coming to the court and saying, interpret this one part of it narrowly for us. And why are we going to do that? Why do we want to do that? So we can avoid federal jurisdiction of this case involving a health care provider that provides care to patients in four states over a website that's available to patients in all those states. Your Honors, I'd respectfully submit that that is what Congress wanted federal jurisdiction. There's no dispute. A plaintiff can plead themselves into or out of CAFA jurisdiction. Parties agree on that. Here, this ambiguous definition, plaintiffs have pled themselves right into federal court, and the court should hold that way. Thank you, Judge. Very well. Thank you, judges. Thank you. Thank you, counsel. Appreciate your arguments this morning. The case is submitted. Court will render a decision as soon as possible. And counsel, you may stand aside. Please call.